**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BENJAMIN A. ELLIOTT,<br><br>　　　Petitioner,<br><br>　　　v.<br><br>STACY A. ELLIOTT,<br><br>　　　Respondent. | No. 25cv14678 (EP) (AME)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

This matter comes before the Court upon *pro se* Petitioner's Benjamin A. Elliott's Petition, D.E. 1 ("Petition"), seeking the return of M.A.E. (the "minor child") pursuant to the Hague Convention and the International Child Abduction and Remedies Act ("ICARA"), 22. U.S.C. §§ 9001-11. Petitioner submits an application to proceed with his Petition *in forma pauperis* ("IFP"), without prepayment of fees under 28 U.S.C. § 1915. D.E. 1-1 ("IFP Application"). Because Petitioner demonstrates financial need, the Court will **GRANT** the IFP Application and will screen the Petition pursuant to 28 U.S.C. § 1915(e)(2)(B). Having reviewed the Petition, the Court will permit the Petition to **PROCEED** because Petitioner states a claim for relief that appears neither frivolous nor malicious.

**I.      LEGAL STANDARD**

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). "In determining the availability of . . . *in forma pauperis* [status], a litigant's ability to pay must be assessed in light of the magnitude of the proposed expenditure." *Id.* Although a litigant need not be "absolutely destitute" to proceed *in*

*forma pauperis*, he must nevertheless show that he cannot pay. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Once granted, courts must review an IFP plaintiff's claims and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1815(e)(2)(B).

When a plaintiff proceeds *pro se*, the Court holds the plaintiff's claims to a less stringent standard than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the Court need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

## II. BACKGROUND

Petitioner and his spouse Stacy A. Elliott ("Respondent") married on March 29, 2018 in New Brunswick, New Jersey. Petition at 342. Respondent is a citizen of the United States. *Id.* at 340. Petitioner is a citizen of the United Kingdom and Germany. *Id.* at 336-37. Together, Petitioner and Respondent had a child, M.A.E., in New Jersey. *Id.* at 335. The minor child is both a citizen of Germany and the United States. *Id.* at 338-39.

Petitioner and Respondent lived together in Germany with the minor child until October 2024, when they separated. *Id.* at 2. The parties, however, all remained in Germany. While there, the minor child attended two daycares in Berlin: the Kindertagespflege Fliegernest daycare and the Kita Nord-West daycare. *Id.* at 3. While in Germany, Petitioner was the minor child's primary caregiver and was responsible for taking the minor child to daycare, medical appointments, the

park, and other activities. *Id.* After the parties separated in October 2024, they attended parenting and relationship counseling in Berlin. *Id.*

Petitioner's and Respondent's relationship appears to have involved violence and police intervention. A counseling and psychotherapy letter predating the parties' relocation to Germany suggests that Respondent "shoved [Petitioner] into a piece of furniture and threw a heavy jar hitting [him] in the leg causing bruising. [Petitioner] stated that he contacted a domestic violence hotline to obtain guidance." *Id.* at 24. A letter from a German social worker also indicates that Respondent often called the police for mere non-physical arguments. *Id.* at 192 ("Topic and goal of the appointment should be a perspective for the wellbeing of [the minor child] without repeating police operations . . . .").

In December 2024, Respondent represented to Petitioner that she sought to take the minor child to a friend's New Year's Eve party. *Id.* at 4. Instead of attending a party, Respondent took the minor child to the United States. *Id.* On December 31, 2024, Respondent messaged Petitioner that she took the minor child to the United States and did not intend on returning. *Id.* at 199.

Since then, the police have begun an investigation into the minor child's abduction and have issued summons to Respondent to appear. *Id.* at 5, 286. The daycare centers which the minor child previously attended ended their contracts with Petitioner. *Id.* at 62, 213. Petitioner has pleaded with Respondent to return the minor child. *Id.* at 5. Respondent continues to reside with

the minor child in New Jersey. *Id.* at 2. Petitioner now seeks relief from this Court pursuant to the Hague Convention and ICARA for the return of the minor child to Germany. *Id.* at 5.

**III.    ANALYSIS**

    **A.    Petitioner's IFP Application**

Petitioner's IFP Application declares that he earns about $2,027 a month from self-employment and public assistance. IFP Application at 1-2. Petitioner, however, also states that he has been working at "OrganicsBest," where he earns $1,167 a month. *Id.* It thus appears that Petitioner is earning about $3,194 a month between his self-employment, public assistance, and employment as OrganicsBest. Petitioner also attests that he has $100 in his bank accounts and that his household pays $1,727 a month to cover rent or mortgage, utilities, food, and health insurance. *Id.* at 2, 4-5. In addition, Petitioner states that his spouse earns $5,000 a month. *Id.* at 2.

Petitioner provides further explanation regarding his listed income. *Id.* at 5. He states that his income is irregular and based on short-term employment contracts. *Id.* Finally, he also states that he has been estranged from his spouse who (earns $5,000 a month and) left Germany with their son, the minor child, in December 2024. *Id.* Because Petitioner establishes an inability to pay, the Court will **GRANT** his IFP Application and screen his Petition.

    **B.    Petitioner's Hague Convention and ICARA Claim**

The Hague Convention is a multilateral treaty—to which the United States and Germany are signatory nations—that seeks to "protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence, as well as to secure protection for rights of access." *Yang v. Tsui*, 416 F.3d 199, 201 (3d Cir. 2005) (quoting Hague Convention, Preamble, 19 I.L.M. 1501,

1501 (1980)). ICARA implements the Hague Convention in the United States and vests state and federal courts with jurisdiction to hear claims under the Hague Convention. 22 U.S.C. § 9003(a).

Service on Respondent here is warranted. The Court has reviewed the Petition and determined that Petitioner appears to adequately plead grounds for relief under the Hague Convention and ICARA.[1] Petitioner is a citizen of Germany, where he resides. Respondent is a citizen of the United States and resides in New Jersey with the minor child. Petitioner and Respondent are still married and previously resided together in Germany with the minor child. Petitioner and Respondent, however, separated sometime in late 2024 and Respondent later secretly left Germany with the minor child and did not inform Petitioner until after she arrived in the United States. Petition at 199 ("[The minor child] and I have left the country and have returned home to the U.S. We do not intend to return to Germany."); *id.* at 211 (social worker explaining "that the mother violated legal principles by making this decision on her own and abducting her child"); *see id.* at 189 (social worker explaining in November 2024 that "[a]s long as you work on building a good base of co-parenting and stay respectful in front of your son, I do not see the need of interfering"); *id.* at 268 (summons from German police for Respondent to appear regarding the abduction of a minor).

Petitioner also states that the minor child habitually resided in Germany and that he and Defendant intended for the minor child to remain there. Plaintiff supports his claims with

---

[1] At this time, the Court determines only that Petitioner's claims do not appear to be frivolous or malicious. The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188 at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes '[a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.'" (quoting *Magruder v. Grafton Corr. Inst.*, No. 19-1980, 2020 WL 2814532, at *3 (N.D. Ohio Apr. 1, 2020))).

5

documents evidencing his daycare commitments and the cessation of childcare benefits in 2025 due to Respondent's alleged abduction of the minor child. *See, e.g.*, *id.* at 51 (providing for the minor child's daycare beginning on February 2, 2024); *id.* at 62 (revoking childcare "as of January 2025" because the minor child "has neither a residence nor its habitual abode in Germany"); *id.* at 213 ("[A]s a precautionary measure, we had to terminate your son's daycare contract effective February 28, 2025. Of course, you will receive a new daycare contract immediately as soon as your son is back in Germany/Berlin."). Finally, Petitioner states that he has requested the return of the minor child, and that Respondent nevertheless continues to reside with him in the United States. *Id.* at 5 ("Child abduction charges are currently pending under German law, with the case in progress and awaiting further action by German authorities.").

Petitioner therefore appears to state a claim under the Hague Convention and ICARA that is neither frivolous nor malicious. The Court will therefore allow the Petition to **PROCEED**.

## IV. CONCLUSION

Having established an inability to pay, the Court will **GRANT** Petitioner's application to proceed *in forma pauperis* and having pleaded a claim for relief under the Hague Invention and ICARA, the Court will permit Petitioner's Petition to proceed.

**IT IS** on this 22nd of September 2025, for the forgoing reasons,

**ORDERED** that Petitioner's application to proceed *in forma pauperis*, D.E. 1-1, is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall file Petitioner's Petition, D.E. 1, and it is further

**ORDERED** that the Clerk of Court shall issue the proposed summons at D.E. 1-2;

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Petitioner via international mail.

_____
Evelyn Padin, U.S.D.J.